

**SO ORDERED.**

**SIGNED this 25 day of February, 2010.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**Richard Stair Jr.**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

Case No.  09-35753

DEREK OWENS
TASHA OWENS

Debtors

### MEMORANDUM AND ORDER ON
### MOTION BY DEBTORS TO SET ASIDE DISCHARGE ORDER
### AND EXTEND TIME TO FILE REAFFIRMATION AGREEMENTS

Before the court is the Motion By Debtors to Set Aside Discharge Order and Extend Time

to File Reaffirmation Agreements filed by the Debtors on February 2, 2010, asking the court to

vacate or set aside the Discharge of Debtors entered on February 1, 2010, to allow them to enter into

and file a reaffirmation agreement with Ford Motor Credit Company.  A hearing was held on

February 25, 2010, at which time the court orally denied the Motion on the record from the bench.

This Memorandum and Order serves to memorialize the court's ruling.

The Bankruptcy Code states that in order for a reaffirmation agreement to be enforceable, it

must have been "made before the granting of the discharge[.]"  11 U.S.C. § 524(c)(1) (2006).

> Section 524(c)(1) specifically provides that in order to be valid, a reaffirmation
> agreement must be "made" prior to the entry of discharge.  The timing requirement
> [of Section 524(c)(1)] is imposed as a matter of substantive statutory law and not by
> procedural rule.  While the date for discharge may be delayed in appropriate cases
> . . ., the statutory requirement cannot be waived or extended after discharge occurs.
> As such, the bankruptcy court lacks jurisdiction to approve any reaffirmation
> agreement entered into after a debtor's discharge has been granted.  Section 524(c)(1)
> is generally construed to require that the parties to the reaffirmation agreement
> executed the document prior to the debtor's discharge in order for the agreement to
> be valid and binding.

*In re Graham*, 297 B.R. 695, 699 (Bankr. E.D. Tenn. 2003) (internal citations omitted); *see also In

re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008) ("[R]eaffirmation agreements are

unenforceable unless they are entered into before the issuance of a discharge [and t]hose entered into

after entry of a discharge are unenforceable, and of no legal significance."); *In re Engles*, 384 B.R.

593, 596 (Bankr. N.D. Okla. 2008) ("Because of the serious consequences associated with

reaffirmation – that the debtor will remain liable for an otherwise dischargeable debt – strict

compliance with the terms of § 524 is mandatory."); *In re Herrera*, 380 B.R. 446, 450 (Bankr. W.D.

Tex. 2007) ("Because reaffirmation agreements are effectively waivers of discharge with respect to

a particular creditor, they are *exceptions* to the 'fresh start' policy of the bankruptcy process.  As

such, the reaffirmation exception is strictly construed, and the requirements imposed for their

enforceability are themselves enforced rigidly."); *In re Stewart*, 355 B.R. 636, 638 (Bankr. N.D.

Ohio 2006) ("Once a bankruptcy court has entered an order of discharge, the § 524(c)(1) deadline

for making [a reaffirmation] agreement is past, and the court thereafter lacks jurisdiction to approve

the agreement.").

"The Bankruptcy Code does not provide for the 'setting aside' of a discharge." *Golladay*,

391 B.R. at 422.  Section 727(d), concerning revocation of a discharge, is the only Code section to

address "setting aside" a discharge, and, pursuant to the plain language of the statute, only "the

trustee, a creditor, or the United States trustee" may request revocation, to be granted only if the

requesting party proves that the debtor obtained the discharge through fraud, the debtor knowingly

and fraudulently failed to report or failed to turn over property of the estate acquired by the debtor,

the debtor refused to obey any lawful order of the court in the bankruptcy case, or the debtor failed

to turn over documents to the United States trustee requested pursuant to an audit established under

28 U.S.C. § 586(f) or made material misstatements during such an audit.  11 U.S.C. § 727(d) (2006).

Absent any such fraudulent behavior by the debtor, a discharge, once entered, may not be revoked,

set aside, or otherwise vacated.  Likewise, "vacation of an order of discharge is not an appropriate

exercise of a bankruptcy court's equitable power under 11 U.S.C. § 105(a)." *Golladay*, 391 B.R. at

422 (citing *Disch v. Rasmussen*, 417 F.3d 769, 778 (7th Cir. 2005)); *accord Engles*, 384 B.R. at  598

("[A] bankruptcy court does not have the authority to vacate a discharge for the purpose of filing a

post-discharge reaffirmation agreement."); *Herrera*, 380 B.R. at 453 ("[I]t cannot be the case that

'the granting of the discharge' is a moveable event."); *Stewart*, 355 B.R. 639 ("Bankruptcy courts

cannot 'use equitable principles to disregard unambiguous statutory language.'") (quoting *In re C-L

Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir. 1990)).

Under the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed

no later than 60 days after the first date set for the meeting of creditors . . . [although t]he court may,

at any time and in its discretion, enlarge the time to file a reaffirmation agreement."  Fed. R. Bankr.

P. 4008(a).  This enlargement of time is addressed by local rule as well, which allows for debtors to

file a motion to delay entry of the discharge order "for not more than 30 days upon the filing of a

motion by the debtor and submission of a proposed order . . . prior to the expiration of the deadline

prescribed by Fed. R. Bankr. P. 4004(a) [no later than 60 days after the first date set for the meeting

of creditors under § 341(a)]."  E.D. Tenn. LBR 4004-1(b)(1).  Additional delays may be requested

for specific grounds, including "difficulty in obtaining a reaffirmation agreement with a creditor,"

but under all circumstances, "[t]he motion must be filed prior to the expiration of the period of delay

most recently granted or if later, the Fed. R. Bankr. P. 4004(a) deadline[.]"  E.D. Tenn. LBR

4004-1(b)(2).  The case law concerning this subject is equally clear:  if debtors wish for additional

time in which to enter into a reaffirmation agreement, they must file a motion to delay discharge

prior to entry of the order of discharge.  *Graham*, 297 B.R. at 700.

Based upon the foregoing, the Motion By Debtors to Set Aside Discharge Order and Extend

Time to File Reaffirmation Agreements filed by the Debtors on February 2, 2010, is DENIED.

###